UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| WILSON EGWUENU, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:11-cv-1395-WTL-DML |
| ) | |
| JOHN POTTER, et al., ) | |
| ) | |
| Defendants. ) | |

**Entry and Order Dismissing Action**

**I.**

**A.**

Because Wilson Egwuenu ("Egwuenu") has been granted leave to proceed *in forma pauperis,* the court must examine his complaint to determine whether it states a facially plausible claim for relief and must dismiss the action if the complaint fails to do so. 28 U.S.C. § 1915(e)(2)(B).

Pursuant to Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, "[a] complaint must always . . . allege 'enough facts to state a claim to relief that is plausible on its face.'" *Limestone Development Corp. v. Village of Lemont, Ill.,* 520 F.3d 797, 803 (7th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

Whether a complaint states a claim is a question of law. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In addition, *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

**B.**

Despite multiple opportunities and directions, and despite information as to what it would take to do so adequately, Egwuenu has failed to produce a legally sufficient complaint. His allegations and claims continue to be broad and conclusory, and on the whole are incoherent.

A district judge has the authority to dismiss a complaint because it is confusing, though only in a rare case would he be justified in dismissing it on this ground with prejudice, thus barring the filing of an amended complaint." *Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.,* 412 F.3d 745, 750 (7th Cir. 2005) (internal citations omitted). Although a confusing pleading is not ordinarily a fatal defect, "it can become one if despite repeated attempts the plaintiff is unable to draft an intelligible complaint." *Id.* (citing *United States ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 376, 378-79 (7th Cir. 2003); *Michaelis v. Nebraska State Bar Ass'n,* 717 F.2d 437 (8th Cir. 1983) (per curiam)). This is one of those rare cases, where "despite repeated attempts the plaintiff is unable to draft an intelligible complaint."

The complaint in this action violates Rule 8(a)(2) and is therefore dismissed for failure to state a claim upon which relief can be granted. *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001)("dismissal of a complaint on the ground that it is unintelligible is unexceptionable").

**C.**

Egwuenu's motion for injunctive and declaratory relief, appointment of counsel, and other remedies [45] is **denied.**

**II.**

Judgment consistent with the dismissal of the action in Part I.B. of this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   12/05/12

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

Wilson Egwuenu
P.O. Box 3821
Merrifield, VA 22116

All Electronically Registered Counsel